UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AUSTIN LALONDE ET AL** | : | **CASE NO. 2:21-CV-02365** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PROGRESSIVE SECURITY INSURANCE CO., ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATIONS

Before the court is Motion to Remand filed by plaintiffs Austin Lalonde and Elizabeth Blanchard (collectively, "plaintiffs"). Doc. 5. The motion is opposed by defendants, Progressive Security Insurance Company and Thomas Lundy (collectively, "defendants"). Doc. 8. Plaintiffs have replied to the opposition [doc. 9] and the matter is now ripe for consideration. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated herein**, IT IS RECOMMENDED** that the plaintiff's motion be **GRANTED.**

### I.
#### BACKGROUND

This matter arises out of a collision between two pleasure boats on the Calcasieu River in Calcasieu Parish, Louisiana. One boat was operated by defendant Thomas Lundy. The other was operated by plaintiff Austin Lalonde. Doc. 1, ¶ 1. Elizabeth Blanchard was a passenger in the Lalonde boat. *Id.*

On April 23, 2021, Mark and Lillian Lundy (the "Lundys"), as owners of the Lundy boat, filed in this court a Complaint for Exoneration from or Limitation of Liability, seeking among other relief to enjoin prosecution of "legal proceedings of any kind whatsoever against Mark and/or Lillian Lundy or their [ . . . ] boat or their underwriters arising out of the aforementioned casualty other than in the present action." 2:21-cv-1095, Doc. 1, p. 8-9 (W.D. La. 4/23/21)(alteration added) (the "Limitation Proceeding"). On April 28, 2021, this court ordered a litigation stay in the Limitation Proceeding, directing that:

> The commencement of and the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter, of any and all actions, suits, or proceedings of any nature and description whatsoever in any jurisdiction, and the taking of any steps, and the making of any motion in such actions, suits, or proceedings against the Petitioners as aforesaid, or against the 1995 SEAPRO 190DC motor boat, or their liability insurers, or against any property of the Petitioners except in this action, to recover damages for, or in respect of any injury, loss, destruction and/or damages caused by or resulting from the aforesaid event, as alleged in the Complaint, be and they are hereby restrained, stayed, and enjoined until the hearing and determination of this action [ . . . ].

Order Approving Security, Directing Issuance of Notice and Restraining Prosecution of Claims, 2:21-cv-1095, Doc. 4 (W.D. La. 4/28/21).[1]

On June 2, 2021, plaintiffs Lalonde and Blanchard filed suit in the 14th Judicial District Court for the Parish of Calcasieu, Louisiana, against defendants Progressive Security Insurance Co., Thomas Lundy, and Progressive Advanced Insurance Co. (the "State Court Action"). Doc.

---

[1] The court has since entered a Final Judgment of Default in the Limitation Proceeding, enjoining any unknown claimants from "filing any claims and/or answers in this or any other proceeding relative to the incident of April 23, 2021, involving the Sea Pro 190DC Motor Boat made subject of this limitation proceeding." 2:21-cv-1095, Doc. 24. In remanding this matter, this court addresses only whether removing defendants have borne their burden of demonstrating federal jurisdiction over the State Court Action, and the court does not address the extent to which the orders issued in the Limitation Proceeding may affect the ability of the State Court Action to proceed.

5, att. 2, p. 2.[2] They describe the State Court Action as a "saving for suitors" admiralty claim, and they emphasize that they did not name boat owners Mark or Lillian Lundy as defendants. *Id.*

On July 12, 2021, this court stayed the State Court Action. 2:21-cv-1095, Doc. 11 (W.D. La. 7/12/21). On August 6, 2021, defendants removed the State Court Action to this court. Doc. 1. Defendants indicate their intention to request consolidation of the removed State Court Action with and into the Limitation Proceeding if this matter is not remanded. Doc. 8, p. 3.

## II.
### THE PARTIES' ARGUMENTS

Removing defendants argue that the State Court Action belongs in federal court, where it can be consolidated with the Limitation Proceeding. They imply that because Thomas Lundy is an additional insured on the insurance covering the Lundy Boat, and because the Lundy insurers are defendants in the State Court action, plaintiffs are attempting to improperly circumvent the purpose of the Limitation of Liability Act and this court's orders in the Limitation Proceeding by bringing the State Court Action.[3]

In their motion to remand, plaintiffs argue that well-established law prohibits removal of a "saving to suitors" admiralty action, absent some independent basis for federal jurisdiction. Plaintiffs argue that this case should be remanded because Thomas Lundy "did not assert a single basis for removal, other than that there is a limitation action pending." Plaintiffs also allege that the removal was untimely under 28 U.S.C. §1446 because it occurred more than 30 days after Thomas Lundy was served on June 22, 2021. Doc. 5, p. 2, ¶ V.

---

[2] Neither the state court petition nor any of the other documents comprising the state court action were attached to the notice of removal or provided to the court in accordance with its August 11, 2021, removal order. Doc. 4.

[3] The Limitation of Liability Act, 46 U.S.C. §§ 30501–30512 is directed at maritime misfortunes in which the losses exceed the value of vessel and freight. A vessel owner may seek exoneration from and/or limitation of liability for certain claims arising from the maritime operations of that vessel. *See id.*

Opposing remand, defendants argue that federal question jurisdiction provides and independent basis for removal here because "the existing limitation of liability action, and the orders issued in that action at the time this removal was filed, create an independent basis for federal jurisdiction, which is unique to the procedural posture of this case."  Doc. 8, p. 6. Defendants do not address the timeliness argument.  Doc. 8.

### III.
#### LAW AND ANALYSIS

"Special rules exist with regard to removal of admiralty and maritime claims."  Thomas J. Schoenbaum, 1 Admiralty & Mar. Law § 4:3, Removal jurisdiction (6th ed. 2021).  The "settled law" prior to the 2011 amendment[4] of the removal statue, 28 U.S.C. § 1441, was that "removal in admiralty was limited to (1) claims meeting the test of diversity jurisdiction where none of the defendants properly served is a citizen of the state in which the suit is filed; and (2) claims with an independent federal jurisdictional basis."  *Id.*  In other words, it has long been the rule that "a defendant cannot remove a case based on general maritime or admiralty jurisdiction alone."  *Zoila-Ortega v. B J-Titan Servs. Co.*, 751 F. Supp. 633, 636 (E.D. La. 1990).  This is because, although federal courts have jurisdiction over admiralty and maritime claims, the law also reserves to claimants such as plaintiffs "in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333; *Lewis v. Lewis & Clark Marine, Inc.*, 121 S. Ct. 993, 998 (2001).  "Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."  *Lewis*, 121 S. Ct. at 999.  The saving to suitors clause "does not grant jurisdiction, but rather makes an exception to the exclusive maritime jurisdiction of the federal courts in cases where the plaintiff may be entitled to remedies other than that provided in

---

[4] Since the 2011 amendments to the removal statute, a circuit split has formed with regard to whether the new wording changes the rule for removal of maritime claims.  Schoenbaum, *supra*.  The court need not address that issue here.

admiralty law." *In re Athena Const., LLC*, No. CIV A 06-2004, 2007 WL 1668753, at *3 (W.D. La. June 6, 2007).

In short, because the plaintiffs allege to that they brought the State Court Action as a saving to suitors claim, this court must look beyond the maritime nature of the State Court Action to determine if there is federal jurisdiction here.

### A. Federal Question Jurisdiction

Defendants argue that this court enjoys federal question jurisdiction over State Court Action because of the relationship between the State Court Action and the Limitation Proceeding, presumably because defendants believe that the claims in the State Court Action could have or should have been brought as a claim in the Limitation Proceeding. This rationale does not provide an adequate basis for the court to exercise jurisdiction over this matter, especially in light of the special treatment of removal in admiralty and maritime claims.

Under 28 U.S.C. § 1441, the removing party bears the burden of showing removal is proper. *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 152 (5th Cir. 1996). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 107 S. Ct. 2425, 2429 (1987). Ordinarily, the "well-pleaded complaint" rule governs federal question jurisdiction. It provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. [ . . . ] The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (internal citation omitted). Because federal question jurisdiction must be presented on the face of the complaint, it does not exist not merely "on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the

case." *Rivet v. Regions* Bank, 118 S. Ct. 921, 925 (1998) (internal quotation marks omitted, alteration original)(quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 103 S. Ct. 2841 (1983)); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000).

Here, removing defendants fail to satisfy the well pleaded complaint rule because defendants have not shown that State Court Action raises issues of federal law sufficient to support federal question jurisdiction.[5] Defendants argue that the nexus between the Limitation Proceeding and the State Court Action creates a sufficient question of federal law to support removal. Doc. 8, p. 6. Thus, to the extent there is a federal question here, it concerns the application of the federal Limitation of Liability Act to the claims raised by the State Court Action. Presumably, however, plaintiffs did not raise or reference the Limitation of Liability Act in their petition. The questions raised by the application of that federal law to the plaintiff's claims are in the nature of a defense, and they are therefore insufficient to satisfy the well pleaded complaint rule. *Rivet*, 118 S. Ct. at 925.

If there is jurisprudence supporting the proposition that relatedness to a Limitation Proceeding creates an independent basis of federal question jurisdiction, defendants do not cite to it. Defendants cite, for example, to jurisprudence holding that "'the saving to suitors' clause under general maritime law 'does not guarantee [plaintiffs] a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.'" *Id.* (quoting *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013)). But in that case, the independent basis for federal question jurisdiction was

---

[5] The state court petition is not attached to the notice of removal. Doc. 1. It is therefore not possible for this court to make an independent assessment of whether the state court petition provides a basis for federal question jurisdiction.

supplied by the Outer Continental Shelf Lands Act (OCSLA). Barker, 713, F. 3d at 220-21. Because removing defendants have not borne their burden of demonstrating that the state court pleading raises an analogous federal question, the court recommends that remand is appropriate.

### B. Timeliness of the Removal

Under 28 U.S.C. § 1446, a notice of removal must be filed either within 30 days of receipt by the defendant of the initial state court pleading or, if the case is not initially removable, within 30 days of receipt of a paper indicating that the case is removable:

> a notice of removal must be filed "within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). That deadline applies where the basis for federal jurisdiction is evident "on [the] face" of the complaint.
>
> [ . . . ]
>
> Alternatively, if the basis for federal jurisdiction is not evident on the face of the initial pleading, a defendant may remove the case to federal court "within thirty days after receipt by the defendant ... of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To start that clock, the information supporting removal in that "other paper" "must be unequivocally clear and certain."

*Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368 (5th Cir. 2021) (internal citations omitted). Defendants argue that this court has federal question jurisdiction [doc. 8, p. 6], placing this in the first category of removal actions.

Plaintiffs argue that this removal is untimely because the August 6, 2021, notice of removal was filed more than 30 days after service of the state court petition on Thomas Lundy on or about June 21, 2021. Defendants do not address this argument. Although the service returns do not appear anywhere in the record before this court, defendants acknowledge that the state court record contains service returns on Thomas Lundy and the Progressive defendants dated between June 21, 2021 and June 25, 2021. Doc. 1, att. 3.

The court has already determined that defendants have not borne their burden of demonstrating federal question jurisdiction, mooting the timeliness question. However, to the extent that the initial pleading may have revealed an independent basis for federal question jurisdiction, it appears that the removal was untimely because filed more than 30 days after service on the defendants.

### IV.
#### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the motion to remand [doc. 5] be **GRANTED.**

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of September, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE